## PEOPLE v. ALBION WATERWORKS CO.

(Supreme Court, Special Term, Erie County.  February, 1910.)

1. WATERS AND WATER COURSES (§ 203*)—PUBLIC WATER SUPPLY—RIGHTS—
DISCRIMINATION.

   An incorporated waterworks company, being a quasi public corporation,
cannot make a discriminatory rate for or against its customers.

   [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig.
§ 291; Dec. Dig. § 203.*]

2. WATERS AND WATER COURSES (§ 203*)—PUBLIC WATER SUPPLY—REMEDIES
OF CONSUMERS—INJUNCTION—PROCEEDINGS—DEFENSES—ALLEGATIONS.

   In a suit to enjoin a waterworks company from shutting off the water
supply from a state institution located within the village unless it paid
a 20-cent rate claimed to be discriminatory, an allegation of the answer
that the 12-cent rate to which the state institution claimed to be entitled
was made for the inhabitants of the village for the reason that defend-
ant's contract to furnish water to the village for fire protection for a cer-
tain sum annually required that the water be furnished to the inhab-
itants of the village at that rate did not allege that the sum named, plus
the 12-cent rate, approximately equaled the rate demanded of the state
institution, so as to constitute a defense to the suit.

   [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig.
§ 296; Dec. Dig. § 203.*]

3. WATERS AND WATER COURSES (§ 203*)—PUBLIC WATER SUPPLY—RATE DIS-
CRIMINATION—ACTIONS—DEFENSES.

   That a village waterworks company contracted to furnish water to the
inhabitants of a village at a 12-cent rate in consideration of the payment
to it by the village of a certain sum for fire protection was not a defense
to a claim of discrimination in charging a state institution located within
the village a 20-cent rate.

   [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig.
§ 291; Dec. Dig. § 203.*]

Suit by the People of the State of New York against the Albion Wa-
terworks Company.  On demurrer to the answer.  Demurrer sustained,
with leave to plead over.

Edward H. Letchworth, for the People.
Ramsdale & Church, for defendant.

BROWN, J.  Plaintiff alleges that the defendant is a domestic cor-
poration carrying on the business of supplying water to the inhabitants
of the village of Albion and vicinity for public, domestic, and fire pur-
poses; that it has established a rate of 12 cents per 1,000 gallons for
water consumed when the consumption is over 10,000 gallons per day;
that the defendant insists upon the payment to it, for water consumed
at the Western House of Refuge for Women, a state institution situate
at Albion, and a customer of defendant, of a rate of 20 cents per 1,000
gallons for water consumed when the consumption is over 10,000 gal-
lons per day; that the rate for such water service should be 12 cents,
instead of 20 cents; that defendant threatens to cut off the water sup-
ply of said House of Refuge; and prays an injunction restraining
such act.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs, 1907 to date, & Rep'r Indexes

The defendant answers, admitting all of such allegations in the complaint, except that the rate should be 12 cents, instead of 20 cents, and denies that such House of Refuge is situate in the corporate limits of the village of Albion, and alleges that such institution is situate in the town of Albion; that defendant's supply pipes from its source of supply are laid in the highways of said town, passing within about 400 feet from such House of Refuge; that defendant has laid a service pipe from such main to said institution, and for many years has supplied the same with water, for which it has been paid the 20-cent rate. For further answer, the defendant alleges that the 20-cent rate is a reasonable and fair rate for water consumed at said House of Refuge, and that said water cannot be so furnished by defendant to said House of Refuge at 12 cents per 1,000 gallons without loss to defendant. For further answer, defendant alleges that it has a contract with the village of Albion for the purpose of supplying said village and its inhabitants with water for domestic use and fire protection, whereby the said village agrees to and does now pay to the defendant for fire protection a sum of upwards of $3,900 per year, and whereby the defendant agrees to furnish water to private consumers in the village of Albion only at the 12-cent rate, and that such 12-cent rate is made to the inhabitants of the village of Albion under and in pursuance of said contract.

To this answer plaintiff demurs, alleging that it is insufficient in law to constitute an answer.

The defendant being organized under chapter 737, Laws 1873, and the laws amendatory thereof and supplementary thereto, it is the duty of the defendant, under section 81 of the transportation corporation law (Consol. Laws, c. 63), to supply to the authorities, or any inhabitant, of any town through which its mains or conduits pass, pure and wholesome water at reasonable rates. It is the duty of the defendant to supply water to the state institution as well as to inhabitants within the corporate limits of the village of Albion, and, the defendant being a quasi public corporation, it is prohibited by law from making a discriminatory rate for such water for or against its customers.

It is the contention of the plaintiff that the 20-cent rate for the state institution is a discrimination against the state, when the defendant only requires the 12-cent rate for like service to inhabitants within the village. The defendant attempts to justify its 12-cent rate by alleging a contract whereby the village pays defendant $3,900 per year for fire protection, and argues that the $3,900, added to defendant's receipts for water furnished at the 12-cent rate, produces a revenue from all sources in the village which is equivalent to the 20-cent rate exacted from the state institution.

This result may be mathematically correct, and constitute a defense; but such fact cannot be established from the allegations of the answer. The allegation in the answer is that the 12-cent rate is made for inhabitants of the village for the reason that defendant's contract securing to it the annual payment of $3,900 for fire protection requires that water be furnished to the inhabitants of the village at the 12-cent rate. The mere fact that defendant has contracted to furnish water to the inhabitants of the village at the 12-cent rate in consideration of the

payment to it by the municipality of $3,900 for fire protection is not an answer to the charge that the 12-cent rate is a discrimination against the 20-cent rate imposed on the state. The defendant cannot escape the charge of making discriminatory rates simply by alleging that it has contracted with some of its customers to make such rates. It might be a complete answer to prove facts showing that the $3,900, plus the 12-cent rate, approximately equals the 20-cent rate imposed on the state institution; but there is no allegation in the answer affording a basis for such proof. The facts that are claimed to exist to constitute a justification for the 12-cent rate to inhabitants within the village are not pleaded. Unless it appears that the charges for water within the limits of the village are approximately equal to the proportionate or pro rata charge made the state, there is a discrimination. The facts alleged in the answer do not constitute a defense.

The demurrer must be sustained, with leave to defendant to plead over on payment of costs.